

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Weldon Glass
District Attorney
5th Judicial District
Texarkana, Texas

Dear Sir:

Opinion No. O-5102
Re: District Attorney does not vacate office when inducted into the Army of the United States and related matters.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The local draft board has already sent me up for blood test under the Selective Service Act and in my opinion I will be in the Army within ninety days. I have been requested by Judge Dalby to write your department as these questions involve both personal and future court procedure in our district courts in both Bowie and Cass Counties, so therefore, I do not hesitate to request your department for some kind of opinion. There is no provision for an assistant district attorney in this district. There is, of course, a duly elected and qualified county attorney in each of these counties.

"Questions:

"1. If I should be drafted into the Army as a private would this create a vacancy in my office?

"2. If I should go into the Army with a commission would this change the status of the above question?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Weldon Glass, Page 2

"3. If I should be drafted as a private in-
to the Army what would become of the
salary provided for my office?

". . . ."

Opinion No. 0-5039 of this department, addressed
to the State Comptroller, written by Attorney General Mann,
construes the holding of the Supreme Court of Texas in the
case of Cramer v. Sheppard, No. 8047, delivered December 26,
1942 (State's Motion for Re-hearing overruled on January 20,
1943) not yet reported. We quote from General Mann's opin-
ion as follows:

"We assume that the members who have been
commissioned officers, or have been enlisted mere-
ly in the 'Army' mentioned by you, contemplates
the Army of the United States as contradistin-
guished from the Regular Army.

"On two previous occasions we have advised
you as to our view of the Constitution as related
to the status of men in the armed forces who hold
office under the state government. Our construc-
tion of the Constitution has not been sustained by
the Supreme Court. In the cases of Carpenter v.
Sheppard Comptroller, 145 S. W. (2nd) 562 and Cra-
mer v. Sheppard (not yet reported), the Supreme
Court has placed a very liberal construction on
Sections 33 and 40, Article 16, of our Constitu-
tion so as to permit any person in the armed forces,
but not in the regular armed forces, to draw a sal-
ary both from the Federal government and the State.
Our view of the Supreme Court's opinion is strength-
ened by the dissenting opinion of the Chief Justice
in the Cramer case when he says:

"'The majority opinion proceeds on the
theory that our Constitution exempts all those
in the armed forces of the United States ex-
cept members of the regular Army.'

"We can safely follow the Chief Justice of
our Supreme Court when he says what the majority
opinion in the Cramer case means.

"The construction of the Constitution by our Supreme Court is the law, and we are bound by such construction. Therefore, we advise you to issue warrants to all persons about whom you make inquiry."

In opinion No. O-5030 of this department we held that a county attorney who enlists in the Army during the present war and subsequently becomes an officer in the Army of the United States does not vacate his office of county attorney, basing our holding therein on the Cramer v. Sheppard case.

Under the holding of the majority opinion of the Supreme Court in the Cramer v. Sheppard case we answer your first and second questions each in the negative.

Article 5, Section 21, of our State Constitution provides, in part, as follows:

". . . The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the state, and such fees, commissions and perquisites as may be provided by law."

Section 1 of Article 3886f, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Section 1. From and after January 1, 1936, in all Judicial Districts in this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants

Honorable Weldon Glass, Page 4

according to the last preceding Federal Census, the District Attorney of such District shall receive from the State as pay for his services the sum of Five Thousand Five Hundred Dollars ($5,500) per year, which said Five Thousand Five Hundred Dollars ($5,500) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State. Such salary shall be paid in twelve (12) equal monthly installments upon warrants drawn by the Comptroller of Public Accounts upon the State Treasury. Provided that nothing in this Act shall be construed so as to deprive District Attorneys of the expense allowance allowed or which may hereafter be allowed by law."

The case of Spears v. Sheppard, 150 S. W. (2) 769 (Texas Supreme Court), construed Article 5890a, V. A. C. S., prior to its amendment in 1941 by the 47th Legislature of Texas. This case held that said Article 5890a entitling all officers and employees of the State and its subdivisions, who are members of the National Guard, to leave of absence without loss of efficiency rating on all days during which they are required to engage in training without loss of pay for the first twelve days of such leave of absence did not apply to members of the Legislature, but only to those employees who were members of the National Guard and whose salary and tenure of office were fixed by the Legislature and did not undertake to deal with constitutional officers whose compensation was fixed by the Constitution. We quote from the court's opinion as follows:

"Respondent contends that under the above statute the relator could draw pay for only 12 days while absent from the regular meetings of the Senate. We think it is obvious that the above statute is not applicable to members of the Legislature. By that article the Legislature undertook to regulate the leave of absence period of those employees who were members of the National Guard and whose salary and tenure of office were fixed by the Legislature, and did not undertake to deal with Constitutional officers, whose compensation was fixed by the Constitution." (Underscoring ours)

The Article (5890a) was amended in 1941 by specifically exempting members of the Legislature from its provisions.

It must also be borne in mind that at the time of the Spears v. Sheppard decision this country was not at war.

The District Attorney is a constitutional officer and at least part of his salary ($500.00) is set by the Constitution. It is true that Article 16, Section 10, of our State Constitution authorizes the Legislature to "provide for deductions from salaries of public officers who may neglect the performance of any duty assigned them by law". It is our opinion, however, that any such deduction from salary of a public officer, especially from a fixed, definite constitutional sum, should be strictly construed, and such power to deduct should be derived from some plain, unambiguous applicable statute and not be derived from a questionable or debatable construction of a statute.

Does Article 5890a, V. A. C. S., which uses the expression "on all days during which they shall be engaged in field or coast defense training" deal with actual war time military service? It is true that in wartime a soldier must be trained but that is only incidental to the main purpose of his service which in the final analysis consists of combat and/or all means necessary to annihilate the enemy. We hold here that Article 5890a, V. A. C. S., has no application to your situation as disclosed by the facts stated in your letter.

We gather from the following language:

". . . Judge Dixon did not announce his resignation as district judge at the time he entered the army, nor did he publicly renounce his claim to the office; but he did specifically waive the compensation allowed a district judge by law while serving in the armed forces. . . . We may safely assume that a person who holds a civil office, and who is patriotic enough to temporarily leave such office and serve his country in time of war, will be patriotic enough to surrender such civil office if his absence therefrom stops the functioning of such office. . . . (Underscoring ours)

Honorable Weldon Glass, Page 6

of the majority opinion of the Supreme Court that Judge Dixon would have been entitled to receive his salary as District Judge if he had insisted upon same (which he did not) and that it was a question to be left solely to Judge Dixon's sense of propriety as to whether he would resign his office and also as to whether he would forego the pay to which he was entitled as District Judge.

We call your attention to Article 327, Vernon's Annotated Texas Civil Statutes, which reads as follows:

"When any district attorney shall fail to attend any term of the district court of any county in his district, the district clerk of such county shall certify the fact of such failure under his official seal to the Comptroller, and unless some satisfactory reason for such failure is shown to the comptroller, such district attorney shall receive no salary for the time that he has so failed to attend."

It is also our opinion in view of the Cramer v. Sheppard case that your being drafted into the Army of the United States during wartime and being subject to the orders of such Army would constitute "satisfactory reason" under Article 327, supra, for your failure to attend court in the respective counties of your district.

In answer to your third question in view of the Cramer v. Sheppard case it follows that it is solely a question of personal propriety for you to determine as to whether you wish to hold your office and draw your salary under the facts stated. If you wish to hold the office and insist upon payment of your salary it is our opinion that you are entitled under the law to receive same.

We enclose herewith copies of opinions Nos. 0-5039 and 0-5020, also a copy of the majority and dissenting opinions in the Cramer v. Sheppard case.

Very truly yours

APPROVED FEB 27, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY RW73
CHAIRMAN

WJF:mp